SEBRING, Justice.
Ben Haywood is the holder of a certificate1 of public convenience-and necessity issued by the Florida' Railroad and Public Utilities Commission. The certificate, which ■ authorizes the transportation of household goods, non-radially over irregular routes, to, from and between all points and places in the State of Florida, contains a provision that the motor vehicle equipment involved shall be domiciled only in Tampa, Florida.
The petitioners and the certificate holder filed a petition before the Commission ■ for an .approval -of , the, transfer of. the certificate from the hqlder to the petitioners. The joint petition sought not only the transfer of the certificate but also the authority to change the domicile-of the motor vehicle equipment to be used in the contemplated operation to Lakeland, Florida, rather than Tampa, Florida, as provided in the original certificate. After a hearing the Commission refused to approve or giant the petition, so far as it sought a change of ' domicile, and the present cer-tiorari proceeding is brought to review the order.
We have the view that the order of the Commission is supported by the law and the evidence and must be sustained. The basic contention of the petitioners,- that the Commission had no authority to consider, or require evidence on, the question of • whether or not ■ “public convenience and necessity” would permit a new carrier in the city to which petitioners requested transfer -of domicile, would not seem to have any sound basis in logic or any of the-Controlling statutory provisions. See section 323.03, Florida Statutes 1953, F.S.A. Nor does the case relied on by petitioners, Bentons Bros. Film Express, Inc. v. Florida Railroad & Public Utilities Commission, Fla., 57 So.2d 435, permitting the extension of a -certificate so -as to authorize the carrying of additional products on the saíne route without evidence‘of. necessity, support the contention that a change in -the terms or conditions of an existing certificate would never require’evidence of public convenience and necessity. Certainly, an alteration of the domicile of the carrier, such as is sought by. the petitioner, involves something vastly more important than a mere' change in the’name of the holder, a simple- transfer of thé rights of the-original holder, or, as‘in’ the ’Benton case, a minor change in the number of products ' that could be carried to the same patrons under already existing schedules along specified’ roiités. ' Compare Central Truck Lines v. Railroad Commission, 158 Fla. 68, 27 So.2d 658, which'clearly indicates that a transfer of a certificate' may involve the question of public necessity.
The petition for certiorari should be denied. - ’
It is so ordered.
DREW, C. J., and HOBSON’ and THORNAL, JJ., concur.