THORNAL, Justice.
By petition for writ of certiorari the petitioners, who were protestants before the Florida Railroad and Public Utilities Commission, seek review of an order of the Commission removing certain restrictions as to domicile from a certificate of limited common carriage previously issued to Florida Tank Lines, Inc.
We are called upon to determine whether a showing of public convenience and necessity must be made to support an application for the removal of restrictions which limit the domiciling of equipment under a limited certificate of common carriage for “heavy hauling.”
We think it would be helpful to set out chronologically the various orders and proceedings leading up to the current problem. On April 15, 1946, by Order No. 1847 (Docket 2084-MC) the respondent Commission issued Certificate No. L-60 to one Watt Smith. By this certificate Smith was authorized to engage in the transportation of heavy equipment and cement by the use of special heavy hauling equipment. At the time of the original application Smith requested that his operation be limited to a radius of eighty miles of Orlando. The Commission then denied the request on the ground that it would constitute an unreasonable restriction and limitation on the public convenience. Later, however, on October 31, 1946, by Order No. 1949 entered in the same Docket, the Commission granted to Smith authority to operate a heavy hauling business “out of Leesburg, Florida” until such time as a permanent certificate for operation out of Leesburg might be granted to an applicant therefor. This order recited that Leesburg was within the normal territory served by Smith out of Orlando.
On December 1, 1953 by Order No. 2928 (Docket No. 3923-CCT) the Commission announced a tentative rule which required that common carrier “heavy haulers” make no further extensions in their operations by “domiciling motor vehicle equipment at points other than points where they are presently domiciling such equipment.” At the same time the Commission promulgated an order directing the common carrier heavy haulers throughout Florida to show cause, if any, why the tentative rule should not be made permanent.
Subsequently on April 24, 1956 by Order No. 3477 (Docket No. 4422-CCT) on joint application of Watt Smith and Florida Tank Lines, Inc. the Commission authorized the transfer of the above described Certificate 1^60 from Watt Smith to Florida Tank Lines, subject to restrictions as to “domiciling motor vehicle equipment at Orlando and Leesburg, Florida only.” The transfer was completed pursuant to this authorization and on June 19, 1956 the Commission re-issued Certificate 1^60 to Florida Tank Lines expressly subject to the restriction on domiciling of equipment announced in the order authorizing the transfer.
Thereafter pursuant to hearings in the matter under Docket No. 3923-CCT the Commission on February 25, 1957 entered its Order No. 3758 by which it dismissed the proceeding with reference to the tentative rule which restricted the domiciling of heavy hauling equipment of all certificated “heavy haulers.” By this order the tentative rule was cancelled. However, the order cancelling the rule expressly contained the following exception: “provided. *491 however, this order shall not affect any certificates which are by their terms restricted as to domicile.” It should be pointed out here that Florida Tank Lines actively participated in the proceeding under Docket No. 3923-CCT involving the tentative rule for the restriction of domiciling heavy hauling equipment. In the course of that proceeding it was further brought directly to the attention of Florida Tank Lines by counsel for the Commission that Florida Tank Lines actually would not be affected by the cancellation of the rule for the reason that the holders of certificates with specific restrictions as to domicile would be excluded from the order can-celling the rule. In other words, the sum of the situation was that by the rule the Commission proposed to restrict the domiciling of all heavy haulers. The order cancelling the rule dismissed the proposed restriction as to heavy haulers who were not limited as to domicile by the express terms of their certificates but likewise expressly retained the limitation as to domicile with reference to heavy haulers whose certificates contained a specific restriction.
The record before us incidentally reveals that there are a number of so-called heavy haulers who hold certificates without restrictions as to area of operations and there are a number who hold certificates which contain territorial restrictions.
After the hearing which culminated in the decision with reference to dismissing the general rule on the domiciling of equipment, Florida Tank Lines on February 28, 1957 then reverted to Docket No. 4422-CCT which was the proceeding wherein Certificate L-60 was authorized to be transferred by Watt Smith to Florida Tank Lines and in that proceeding Florida Tank Lines filed the petition which produced the immediate controversy. By this petition Florida Tank Lines requested the Commission to remove the restrictions on the domiciling of motor vehicle equipment which restrictions were expressly written into the certificate by the order authorizing its transfer and by the re-issued Certificate L-60 when it was transferred to Florida Tank Lines on June 19, 1956. Florida Tank Lines grounded its request for the removal of the restrictions on the broad basis that by granting to certain heavy haulers certificates unrestricted as to domicile and by restricting the domiciling of equipment in the certificate of Florida Tank Lines the Commission thereby in effect denied to the latter the equal protection of the laws with the further contention that the restriction should, therefore, be removed.
The petition for removal of the restrictions from Certificate L-60 came on for hearing on May 28, 1957. Protesting heavy haulers certificate owners, who are the petitioners for certiorari in the matter now before this Court, contended before the respondent Commission that the restriction as to domicile in Certificate 1^60 could not be eliminated without proof that the public convenience and necessity required such elimination. Florida Tank Lines asserted in response that such a showing was not necessary in view of their basic contention that the consideration of the restriction constituted a denial of equal protection of the law. In the ultimate the respondent Commission agreed with Florida Tank Lines and on August 14, 1957 entered its Order No. 3987 in Docket' 4422-CCT, by which order it removed the restrictions on the domiciling of heavy equipment from Certificate L-60 held by Florida Tank Lines without requiring any showing that the public convenience and necessity justified the removal. The protesting carriers have now perfected this proceeding by which they seek review of the order removing the restrictions.
It is contended by the protesting carriers that the removal of the restrictions as to domicile broadens the certificate and extends the service theretofore authorized to be rendered by Florida Tank Lines. They contend that when a certificate is so broadened and the authorized service so extended it should be done only after a formal hearing at which the applicant should be required to demonstrate that public con *492 venience and necessity require the broadening of the certificate and the extension of the service.
It is the contention of the respondent Commission, supported by Florida Tank Lines, that the placing of the restriction on the domiciling of the equipment in the first instance was unreasonable and constituted a denial of equal protection of the laws. They contend that the removal, of the restriction does not constitute any extension of the service thereby authorized or any broadening of the certificate to the extent that there should be required a showing of public convenience and necessity in order to eliminate the restriction.
We have at considerable length delineated the procedural steps as well as summarized the various hearings before the Commission in the hope that it would to some extent promote an understanding of the position which we hereafter announce. We should further point out that all of the parties now before the Court appeared before the Commission at the hearing held on December 1, 1955 when Watt Smith and Florida Tank Lines jointly requested the authority to transfer Certificate L-60 from the former to the latter. At that hearing officials of Florida Tank Lines expressly advised the Commission that they would abide by any and all orders of the Commission with reference to the operation and domiciling of equipment under Certificate L-60 which was to be transferred. Also at that hearing the protestants aggressively advocated the placing of a restriction on the domiciling of equipment under Certificate H-60 which was to be re-issued to Florida Tank Lines.
After this adversary proceeding the Commission authorized the transfer but expressly wrote into the re-issued certificate the restriction as to domicile of equipment. It should further be pointed out that neither Watt Smith nor Florida Tank Lines then objected to the domiciling restriction nor did either seek appellate review of the order which placed the restriction into the certificate.
We further point out that all parties now before the Court participated in the hearing with reference to the proposed general rule which would have required all heavy haulers to have specific domiciles for their equipment. At that hearing there can be no doubt from this record that it was made clear that the proposal to restrict the domicile of all heavy haulers, which proposal was dismissed at the hearing, had no application to holders of certificates with express restrictions written therein. In other words, it was clear at this hearing on the proposed rule that heavy haulers without specific restrictions written into their certificates would continue to operate unrestricted as to domicile. It appears to us that it was made equally clear that holders of certificates with domiciliary restrictions specifically written therein would continue to operate subject to the restrictions. No review of this order (No. 3758) was sought by Florida Tank Lines. On the other hand, the latter merely reverted to the original docket in which Certificate 1^60 was authorized to be transferred and sought a removal of the restriction without a showing that public convenience and necessity required such elimination.
In the conclusion which we reach we do not overlook the proposition that the respondent Commission has found on several occasions that so-called heavy haulers operate as a more or less peculiar class in the broad area of auto transportation. In Order No. 3758 by which the Commission concluded that it would not impose domiciling restrictions generally on all heavy haulers it was pointed out that the heavy haulers own varying degrees of expensive specialized transportation equipment. Some are in the nature of localized operators while others operate extensively throughout the state handling large transportation jobs arising from time to time at various points. With reference to the latter, concluded the Commission in the order mentioned, it is of importance that they be allowed flexibility of movement and domicile. However, the respondent *493 Commission has itself recognized differences in the service to be rendered, the area to be served and the equipment available as between heavy haulers as a class. Some have been accorded privileges without restrictions as to area of operation while others, we must assume pursuant to the Commission’s determination of the needs of the public convenience and necessity, have been restricted as to area of operation by the language of the limited common carriage certificates. So it is that the Commission has recognized differences between heavy haulers with the result that it cannot be said as a matter of law that all heavy haulers are similarly conditioned, similarly situated and constitute a composite class that necessarily must be regulated identically by the rules of the Commission.
In the instant case there can be no doubt whatever that the Certificate L-60 held by Watt Smith and as subsequently transferred to Florida Tank Lines was burdened with a specific restriction as to domiciling of equipment. We must necessarily assume at this point that the respondent Commission imposed this restriction in the interest of the public and in accord with the spirit and purpose of the Auto Trans-, portation Act to provide a well rounded, well balanced transportation system taking into consideration the public need, the availability of the service and preserving likewise a balance in competition between motor carriers available to render a particular public service. Central Truck Lines, Inc., v. Railroad Commission, 118 Fla. 555, 160 So. 26.
In the case last cited this Court pointed out that the Auto Transportation Act, F.S.A. § 323.01 et seq. contemplates that as between competitive carriers no prejudicial alteration shall be made in established operative relationships unless such alteration be duly justified upon an application after public hearing and a showing that the public convenience and necessity supports such requested alteration. It would be contrary to the policy of the Auto Transportation Act to encourage destructive corn* petition among existing transportation facilities. This is so because such destructive competition could lead to the reduction or ultimate destruction of existing services to the injury of the general public who have need for such services.
We do not here intend to hold in the instant case that there could be no showing of public convenience and necessity that would justify removal of the restrictions on the certificate held by Florida Tank Lines. We do hold, however, in accord with the precedents herein mentioned, that any removal of the restriction should be supported by a showing that the public convenience and necessity justifies the elimination. The fact that the restriction was placed in the certificate at the time of the authorized transfer pursuant to the provisions of Section 323.03(5), Florida Statutes, F.S.A. does not become res judicata to the extent that the holder of the certificate would be precluded from requesting an elimination of the restriction upon a subsequent factual showing that the public convenience and necessity justifies the removal of the restriction. Matthews v. State ex rel. St. Andrews Bay Transportation Co., 111 Fla. 587, 149 So. 648. We think, however, that any application to remove such a restriction requires a factual showing that would justify the Commission in concluding that the public convenience and necessity supports the broadening of the provisions of the certificate and the extension of the service to be rendered thereunder. We do not agree that the elimination of such a restriction is a mere incidental factor to the service to be rendered under the certificate. Cf. Benton Bros. Film Exp. v. Florida Railroad & Public Utilities Commission, Fla.1952, 57 So.2d 435. We must assume that when the Commission placed these restrictions as to domicile in respondent’s limited certificates of common carriage of heavy equipment, it did so for a definite reason and to accomplish a specific result in the over-all regulation of the auto transportation system of the state. We *494 do not feel that such a restriction can he tossed aside as mere trivia. In order to sustain such a view we would have to assume that in each instance where the restrictions had been placed in the certificate the respondent Commission after due-public hearing's undertook a vain, useless and unnecessary thing in so regulating the particular carriers.
We think that our ultimate judgment is concluded by the opinion prepared for the Court by Mr. Justice Thomas in Central Truck Lines, Inc., v. Railroad Commission, 158 Fla. 68, 27 So.2d 658. We there held that at a hearing on an application for authority to transfer the certificated rights of an intrastate trucking concern the Railroad Commission approved the transfer but in doing so at the hearing committed itself to the isolated question of the propriety of the actual transfer which hearing did not involve a consideration of the public convenience. It was there held that at a subsequent hearing on an application which would result in an extension of the service previously authorized by the transferred certificate the ’ Commission could not allow the extended service without a hearing and proof that the public convenience required the extension. So it is in the instant case when Smith and Florida Tank Lines applied for authority to transfer Certificate 1^60 from Smith to Florida Tank Lines it was then made clear, we think, that no question of a determination of the public convenience and necessity was involved. Rather, the sole matter then before the Commission was whether the transfer of the certificate should be authorized and if so the conditions of the transfer.
Further supporting the conclusion which we here reach is Hagan v. King, Fla.1955, 82 So.2d 592. Admittedly, that case involved a transfer of a. certificate of authority to haul household goods. In that case the application was for authority to transfer the certificate and at the same time authorize a change of domicile of the hauling equipment from Tampa to Lakeland. The respondent Commission there determined that the certificate could be transferred but the change of domicile would not be authorized without a showing of public convenience and necessity to support the change. This Court affirmed the action of the Commission in imposing this requirement. While admittedly there may be some difference between carriers of household goods and the heavy haulers involved in the instant matter, we think that insofar as domiciling equipment is concerned and the procedural requirements for changing or eliminating domicile of equipment, the rule of law applicable is no different. This therefore leads us to the conclusion that the Commission acted within - the orbit of its authority when it originally imposed a restriction as to domiciling of equipment in Certificate L-60 and that the elimination of such a restriction involves a broadening of the certificate and extension of the service to be rendered under it.
Consistent with the precedents above cited such changes and alterations in the certificate could not be made without a supporting showing to the effect that the public convenience and necessity justified the change. When the Commission eliminated the restriction without the required showing it departed from the essential requirements of the law.
The prayer of the petition for writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the respondent Commission for further proceedings consistent herewith.
TERRELL, C. J., and THOMAS, DREW and O’CONNELL, JJ., concur.