ROBERTS, Chief Justice
(dissenting).
Delcher Bros. Storage Co., Inc., and Southern Transfer & Storage Co., Inc., bring their consolidated petitions for writ *596 of certiorari to review orders of the respondent Florida Railroad and Public Utilities Commission which changed certificate of authority held by Delcner from “Has no regular schedule or route. Hauls household goods from any point in Florida to any point in Florida” to “ * * * the transportation of household goods in common carriage, non-radially, over irregular routes, between all points within the State of Florida, with motor vehicle equipment domiciled at Jacksonville, Florida, only.” and changed the certificate of authority held by Southern from “Operates: To any and all parts of Florida, and other states.” to “ * * the transportation of household goods in common carriage, non-radially, over irregular routes, between all points within the State of Florida, with motor vehicle equipment domiciled at St. Petersburg, Florida, only.”
Petitioners contend that the change m the certificates were without public hearing and notice, without lawfully delegated authority from the Legislature of the State of Florida and without prior notice or warning to them.
Respondent contends that the orders were purely executive or administrative, not subject to review as quasi judicial orders, and were issued for the purpose of implementing a lawful rule of the Commission. It further contends that the orders do not restrict or alter the operating authority or transportation rights of the Petitioners and have not deprived them of any rights.
The sole question for our consideration is whether the Commission may on its own motion and without notice to the holders or public hearing cancel an existing certificate of public convenience and necessity and then reissue the certificate in an altered form. We held in Fogarty Bros. Transfer, Inc. v. Boyd, Fla.1959, 109 So.2d 883 that the Commission may regulate the domiciling of household goods carriers equipment, however we also held in Leonard Bros. Transfer & Storage Co. v. Boyd, Fla.1958, 104 So.2d 489, 493, that “ * * * any removal of the restriction [which limits the domiciling of equipment] should be supported by a showing that the public convenience and necessity justifies the elimination.” Certainly to designate a particular place of domicile is a change and alteration of a certificate, and the holding of a public hearing more than eight years ago on the general question involved is not sufficient compliance with the requirements of due process to justify such a change now without notice or hearing.
The prayers of the petitioners for writs of certiorari should be granted, the orders under review should be quashed, and the separate causes should be remanded to the respondent Commission for further proceedings consistent herewith.
I must therefore respectfully dissent.
DREW,. J., concurs.