THORNAL, Justice.
By a petition for a writ of certiorari we are requested to review an order of the Florida Railroad and Public Utilities Commission granting to Miami Transit Company a certificate of public convenience and necessity to operate as a common carrier of passengers in certain territory now partially served exclusively by Coast Cities Coaches, Inc.
We must decide whether the order of the respondent Commission- is . supported by *676 competent substantial evidence thereby justifying the decision which it reached contrary to the recommendations of its hearing examiner. Section 323.07, Fla. Statutes, F.S.A.
Miami Transit presently holds a certificate which authorizes it to serve the City of Miami and certain suburban areas north of 79th Street. The protestant Coast Cities holds a certificate which authorizes it to serve practically the entire suburban area north of 79th Street, with closed-door service into downtown Miami over two different routes.
Miami Transit seeks authority to extend five of its present routes northward into a part of the territory heretofore served exclusively by Coast Cities. In addition it seeks to inaugurate a new cross-town service along 79th Street between the Hialeah-Miami Springs area on the west and Biscayne Boulevard on the east. The proposed change would, in effect, duplicate substantial portions of seven existing Coast Cities routes.
The hearing examiner concluded that Miami Transit had not met the burden of proving public convenience and necessity. He found that the duplication of routes would have a substantial adverse financial effect upon the Coast Cities operation. He also held that public transportation would be adversely affected by granting Miami Transit’s request.
The respondent Commission refused to follow the recommendations of its examiner. On the contrary, it found for the applicant Miami Transit and granted the requested certificate. In arriving at its judgment the Commission found that approximately 60% of the public witnesses living in the territory to be included in the proposed extension of routes testified in support of the application. The Commission observed that the testimony of these witnesses was to the effect that they needed a better bus service than was being provided by Coast Cities. The witnesses stated that the service of Coast Cities is inadequate in that the busses do not operate on sufficiently frequent schedules and that they are many times thirty minutes to an hour late when they do operate. There was testimony that schedules were not arranged to coincide with Miami Transit schedules operating in and out of Miami. It found from the evidence that there is a need for additional direct service between the suburban area and downtown Miami sufficient to eliminate the necessity of changing busses and the delays incident thereto. The respondent Commission further noted testimony regarding the poor condition of Coast Cities busses and allegedly discourteous treatment of passengers by their drivers. It was also found that a certificate to Miami Transit would permit a duplication of approximately 18% of the service currently rendered by Coast Cities. Admittedly, such duplication would have some adverse effect upon the revenue potential of Coast Cities. All of these elements were considered by the respondent Commission in reaching its conclusion that the public convenience and necessity justified the granting of the application of Miami Transit to provide a competing bus service in that portion of the area already served by Coast Coaches.
Our primary problem is to determine whether the order of the respondent Commission is supported by competent substantial evidence. If it is, it must be approved because this is the scope of our appellate review in such situations. Greyhound Corp., Southeastern Greyhound Lines Division v. Carter, Fla., 124 So.2d 9.
The petitioner Coast Cities contends, among other things, that before granting duplicating routes to Miami Transit, the Commission should have allowed Coast Cities an opportunity to provide the service which it proposed to allow to Miami Transit. To support its contention Coast Cities points to a part of Section 323.03(3), Florida Statutes, F.S.A., which reads as follows:
“When application is made by an auto transportation company for a certificate to operate as a common carrier *677 in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.”
We have construed this statute contrary to the position of the petitioner in Alterman Transport Line v. Carter, Fla., 88 So.2d 594 and in Ace Delivery Service, Inc. v. Boyd, Fla., 111 So.2d 448. In both of these decisions we held that a new certificate can be granted by the Commission on proof of public convenience and necessity therefor if the prior certificate holder has had an opportunity to provide the service and has failed to do so. It is not required that the Commission undertake a preliminary testing program to determine whether existing carriers can and will render a described service as a condition precedent to awarding a new certificate. In the instant case Coach Cities did not have authority to render an open-door service between 79th Street and downtown Miami. Miami Transit had this privilege. There was no duplication in this particular. In other respects, the Commission found that Coast Cities had not adequately rendered the type of service required by its certificate and proposed by Miami Transit. In addition, the Commission concluded, with substantial evidentiary support, that the public necessity and convenience in the area involved, fully justified the service proposed by Miami Transit. In applying the subject statute, the burden is upon the applicant to establish that there is a need for the service proposed. When this point is reached in the allocation of the burden of proof it becomes the responsibility of a protestant to establish its ability to render the service. This then imposes upon the applicant the burden of going forward with evidentiary demonstration of its superior capacity to meet the transportation needs of the public to be served in the area involved. The statute does require the Commission to take into consideration the effect that the granting of a certificate may have upon transportation facilities within the territory. Section 323.03(3), Florida Statutes, F.S.A. However, any demonstrated adverse effect upon existing facilities must be evaluated with a view to the ultimate convenience and necessity of the traveling public when it has been shown that the existing facilities have not rendered the service which the public needs and has a right to expect. Great Southern Trucking Co. v. Mack, Fla., 54 So.2d 153; Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451; Central Truck Lines, Inc. v. Railroad Commission, 118 Fla. 555, 160 So. 26; Leonard Bros. Transfer & Storage Co. v. Boyd, Fla., 104 So.2d 489. It is the responsibility of the respondent Commission to see to the establishment of a well-rounded, well-balanced, transportation system, sufficient to meet the public need. In so doing the Commission should, of course, take into consideration in any particular case, the existing availability of service and the preservation of a balance in competition between carriers equipped to render the service. When the respondent Commission arrives at a correct conclusion of law supported by competent substantial evidence, this Court has consistently declined to disturb its judgment under recognized rules governing the scope of review of orders of this administrative agency.
To decide whether we would have reached the factual conclusions announced by the Commission or the contrary conclusion announced by its examiner is not within the scope of review available to us. In these situations we look to the record to ascertain the presence or absence of competent substantial evidence to support the judgment of the Railroad Commission. If such evidence is present, as is the case here, the conclusion reached by the Commission must be approved
Petitioner Coast Cities contends that the Commission should have accorded “some weight” to the report and recommendation of its examiner. Just how much “weight” *678 we are not informed. This position is based on the suggestion that since the examiner actually heard the witnesses and viewed their demeanor from the stand, he was in a better position to evaluate their credibility and the weight to be accorded their testimony than was the Commission which merely had access to the printed record. Such a rule is often applied in reviewing orders of administrative bodies. We ourselves follow the rule in examining records in Workmen’s Compensation cases which come to us from the Florida Industrial Commission. In those cases an order of a deputy commissioner supported by competent substantial evidence which accords with logic and reason will be upheld, even though upon review the Florida Industrial Commission reaches a conclusion contrary to that of its deputy. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. However, the same rule does not apply in reviewing orders of the respondent Railroad Commission. The reason for the difference is Section 323.07, Florida Statutes, F.S.A., which provides that the Railroad Commission shall not be bound by the findings of fact or conclusions of law announced by its hearing examiners. In reviewing orders of this Commission we look to the record to ascertain whether there is competent substantial evidence to support the findings and conclusions of the Commission itself, even though they be contrary to the conclusions announced by the examiner. Greyhound Corp., Southeastern Greyhound Lines Division v. Carter, supra. A similar rule has been followed in the federal courts in applying the provisions of various federal statutes governing administrative proceedings. Cf., Federal Communications Commission v. Allentown Broadcasting Corp., 349 U.S. 358, 75 S.Ct. 855, 99 L,Ed. 1147.
Coast Cities further contends that the Commission committed error when it accorded greater weight to the testimony of certain witnesses who resided in the affected area as contrasted to the testimony of those who did not. The Commission is charged with the responsibility of determining the weight to be accorded the testimony of witnesses. The reasons which it gave for allowing greater weight to the views of some witnesses over others were sufficiently within the orbit of discretion allowed the administrative agency in proceedings such as this one.
Our judgment hereafter announced shall be without prejudice to any right of Coast Cities to obtain leave to adjust its schedules to fit the public demand for its services.
Finding as we do that there was competent substantial evidence to support the findings and conclusions announced by the respondent Commission and finding also that its conduct of the proceeding comported with the essential requirements of the law, we must conclude that there was no error.
The writ is denied.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and O’CONNELL, JJ., concur.