O’CONNELL, Justice.
Petitioners are holders of certificates of convenience and necessity authorizing the transportation of mobile homes from, to, and between all points in the state. They seek review by certiorari of an order of the Florida Public Service Commission granting a certificate to one Marrone, hereafter referred to as applicant.
The applicant initially requested a certificate authorizing the transportation of mobile homes from points in Leon, Jefferson, Gadsden, Taylor, Wakulla, and Jackson Counties to and from all points in Florida. Then, six days prior to the commission’s order denying this initial request, applicant filed a second request, this time for a certificate authorizing him to transport mobile homes only to, from, and between all points within Leon, Gadsden, Jackson, Madison, Wakulla, Jefferson, Taylor, and Franklin Counties. In other words, the first application was to transport from points in six listed counties to other points throughout the state, whereas the second application was to transport to, from, and between all points in eight listed counties, five of which were the same as in the first application.
Petitioners moved to dismiss' applicant’s second request on the ground that the commission lacked jurisdiction under the provision of Sec. 323.03(3) that when an application has been heard and denied,
“ * * * the commission shall not entertain any further application covering the identical or similar routes, schedules or service until the expiration of six months from the date of such denial.”
This motion was denied.
At a hearing before the examining officer on the second request, nine witnesses testified for the applicant to the effect that existing certificate holders were not providing adequate service to Tallahassee and surrounding area. Eleven witnesses testified that petitioners, neither of which have terminal facilities in Tallahassee, were providing adequate service from their terminals in Panama City and Lake City. At the conclusion of the hearing, the examiner filed a proposed order recommending that the application be granted as to Leon County only. Although neither applicant nor protestants excepted to the proposed order of the examiner, the commission found that
“ * * * in order to properly serve the Leon County area the Commission finds it necessary to grant the authority to the applicant for Gadsden, Wakulla, Jefferson, Taylor and Franklin Counties, Florida.”
The application was thereupon granted for all of the requested counties except Madison and Jackson.
Petitioners’ first attack on the commission’s order granting Marrone’s application is that the commission lacked jurisdiction even to entertain the second request in view of the above quoted provision of Sec. 323.03(3). The second application was filed six days before the first was denied. Nevertheless, assuming that the second one is within the prohibition of Sec. 323.03(3) the commission’s finding, implicit in its denial of the motion to dismiss the second request, that the two requests were not so identical or similar as to routes, schedules, or service as to preclude its entertaining the latter request is entitled to the usual presumption of validity. Florida East Coast Railway Company v. King, Fla.1963, 158 So.2d 523. In this instance, it is apparent that sufficient differences exist between the two requests to support the commission’s conclusion. Whereas the first request was for authority to transport from points and places in any one of the five listed counties to other points in Florida, the second was for authority to transport only to, from, and between all points and places within eight listed counties.
*204 Petitioners’ second attack on the commission’s order is to the effect that to the extent that it granted the application as to the five counties other than Leon, it was not supported by substantial competent evidence in the record. Admittedly, the record contains but little showing as to the need for service in the five outlying counties. Nevertheless, we question whether the attack is sufficiently focused to overcome the presumption of validity in which the commission’s order comes encased.
More specifically, it seems to us that petitioner’s attack places on the county as a service area unit greater significance than is warranted by logic or by any express provision of the statute. Thus, since there is no statutory requirement that grants of authority be made on a county by county basis, there appears no necessary reason for requiring the commission to find public convenience and necessity on a county by county basis.
As we understand the commission’s order, it did not find that the public convenience and necessity required extension of service to the disputed counties taken separately. Rather, it found that service in Leon County was justified by the public convenience and necessity and that the other counties were needed to make up a rational service area. This latter finding would not ordinarily be based upon a showing of a direct need for service in those counties so much as on such other factors as the commercial domination of the whole area by Leon County and the City of Tallahassee, of which fact we may take judicial notice, and of the corresponding fact that the public transportation facilities, and need therefor, in Leon County and Tallahassee is interconnected with and serves these outlying counties in many ways.
Sec. 323.03(3) authorizes the commission to issue certificates of convenience and necessity “upon such terms and conditions as in its judgment the public convenience and necessity may require,” providing only that it take into consideration the effect on existing transportation facilities. We believe that this authority is sufficiently broad to permit the commission to define the extent of service areas as it did here. This view is fortified by certain of our previous holdings as to peripheral matters. In Seaboard Air Line Ry. Co. v. Wells, 1930, 100 Fla. 1027, 130 So. 587, it was established that the “necessity” that was to provide the criterion for a grant of authority by the commission was not absolute necessity, but only what was reasonably necessary to meet public needs. The effect was to relax the rigor of the finding of necessity required to justify the grant of a certificate and, correspondingly, to strengthen the commission’s power to define what constitutes a rational service area. In Coast Cities Coaches, Inc. v. Florida R. R. & P. U. Com’n, Fla.1962, 139 So.2d 674, we recognized the unique" effect of Sec. 323.07, which provides that the Florida Public Service Commission is not bound by the findings of fact or the conclusions of law of its examiners. While the specific reference was to the weight to be accorded the recommendation of the examiners, that provision also serves to underline the extensive discretion that the statute vests in the commission.
There being no contrary showing sufficient to overcome the presumption that the commission gave due consideration to the effect of this grant on existing certificate holders, it results that the order of the commission must be upheld, and the writ is therefore quashed.
THORNAL, C. J., and THOMAS, CALDWELL and ERVIN, JJ., concur.