CARLTON, Justice.
Through Order No. 8565 and Order No. 8681, the Florida Public Service Commission has authorized respondent Smalley Investments, Inc., d/b/a Smalley Transportation Company to engage in the transportation of general commodities throughout the Greater Tampa Bay area. Petitioner, a transporter of commodities within part of this area, and an unsuccessful protestant below, seeks review of these Orders. We find them to be valid.
In 1968 respondent Smalley applied to the Commission for authorization to operate as a common carrier, within limitations, in the Counties of Pasco, Pinellas and Hillsborough on an interstate and intrastate basis, and also for authorization to operate between points in those counties and the Sarasota-Bradenton area. Numerous carriers, including petitioner, opposed the application at subsequent hearings, and numerous shippers and receivers testified in respondent’s behalf. In March, 1969, the hearing examiner recommended that the application, which was amended to conform with the Commission requirements, be granted in part and denied in part. The examiner would approve carriage in and between Pasco, Pinellas and Hillsborough, but would disapprove both service into the Sarasota area and interstate privileges.
Respondent took exception to the examiner’s recommendations and obtained review by the Commission. That body, after review, voted to grant the entire amended application including the request for service into the Sarasota area and interstate carriage.[1] This decision was adhered to on petition for reconsideration. The petition in this Court followed.
The determinative issue here is whether the Commission has complied with the requirements of Fla.Stat. § 323.03(3) (a) and (c), F.S.A. Subsection (3) (a) requires that prior to granting an application, the Commission is to consider the effect of the granting of the application upon existing carriers. Subsection (3) (c) requires that application for service in an area already *72 being served be granted [Ojnly when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.”
It is petitioner’s position that while the Commission may have given consideration to these statutory provisions, there was no competent, substantial evidence adduced at the hearings, or in the record, which would support the Commission’s decision to grant the application in toto. We disagree. The Commission recognized in its Orders that numerous carriers existed in the area sought to be served by respondent Smalley, but the Commission found from the testimony that, for one reason or another, these carriers were not in position to offer comprehensive service comparable to that which would be offered by Smalley. For example, most of the carriers were restricted to particular segments of territory within the Bay area; others were restricted to particular types of carriage not of a general nature.
The Commission also determined from the testimony of certain shippers and receivers, which it summarized in its Orders, that much of the service being offered in the Bay area, including service to Sarasota-Bradenton, was below par either because of deficiencies in service, or because the public was not being adequately apprised of the services which were available. The Commission further determined that the application had to be evaluated with regard for the increasing general transportation needs of the Greater Tampa Bay area as an integrated whole unit, as opposed to consideration of public transport needs on a piecemeal county by county, or city by city basis. Taking this view, the Commission found that the general needs of the Bay area justified the authorization of Smalley’s proposed comprehensive carrier service. We approved this “community of interest” approach in Morgan Drive Away, Inc., v. Mason, 183 So.2d 202 (Fla.1966), and we agree with the Commission that the inter-related growth of the urban and suburban communities around the general Tampa Bay area warrants this approach here. Moreover, we agree with the Commission that the public’s convenience and the necessity for additional service as shown by the record warrant whatever increase in Bay area carrier competition that may result from the granting of Smalley’s application. See Fleet Transport Company of Florida v. Mason, 188 So.2d 294 (Fla.1966).
In our view, the Commission has complied with statutory requirements in granting respondent’s application, and the decision of the Commission is supported by competent, substantial evidence. Certiora-ri is, therefore, denied.
It is so ordered.
ERVIN, C. J., and DREW, ADKINS and BOYD, TJ., concur.

. Commissioners Mayo and Carter participated; Yarborough disqualified himself.