88 So.2d 594 (1955)
ALTERMAN TRANSPORT LINE, OVERSEAS TRANSPORTATION COMPANY, GREAT SOUTHERN TRUCKING COMPANY & CENTRAL TRUCK LINES, PETITIONERS,
v.
JERRY W. CARTER, WILBUR C. KING & RICHARD A. MACK, AS MEMBERS OF AND CONSTITUTING FLORIDA RAILROAD AND PUBLIC UTILITIES COMMISSION, RESPONDENTS.
Supreme Court of Florida, En Banc.
February 11, 1955.
On Rehearing June 13, 1956.
*595 Rodgers & Kirkland, J.B. Rodgers, Jr., Thomas E. Kirkland and Howard J. Clifton, Orlando, for petitioners.
Lewis W. Petteway and Guyte P. McCord, Jr., Tallahassee, for respondents.
Minnet & Allsworth, Ft. Lauderdale, for intervenor.
MATHEWS, Chief Justice.
A petition for writ of certiorari has been filed by a common carrier, a protestant in proceedings whereby another common carrier sought a certificate to operate in territory or on a line already served by the protestant, as provided for by Subsection (3) of Section 323.03, F.S., F.S.A. The *596 particular section under which the application for a certificate was filed is as follows:
"When application is made by an auto transportation company for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission." (Emphasis supplied.)
The examiner appointed by the respondents took voluminous testimony and in his recommended order found, among other things, as follows:
"* * * None of them [witnesses for applicant] had any serious complaint as to the service rendered by the protestants who appear to have the necessary authority, facilities, willingness and ability to render the service desired by the applicant's witnesses.
"Under the circumstances, there does not appear to have been made a sufficient showing of public convenience and necessity to require the granting of the desired certificate."
In consideration of the matter, the respondents overruled or denied the recommendation of the examiner that the application not be granted and found:
"1. Protestants have failed to adequately serve the needs of the shippers in the area here involved for the type of transportation which applicant seeks authority to perform.
* * * * * *
"3. Applicant proved that public convenience and necessity require the proposed transportation serve[ice]."
Upon a mere examination of the paragraph of Subsection (3) of Section 323.03, F.S., F.S.A., it will be noted that when a common carrier makes application for certificate to operate in a territory on a line already served by the certificate holder, the commission shall grant such application only when the existing certificate holder, or holders, serving such territory fail to provide service and facilities which may reasonably be required by the commission. It is important to note that the failure to provide service and facilities does not refer to service and facilities which may suit the fancy or whims of particular individuals but it is the service and facilities which "may reasonably be required by the commission."
The finding of the commission is that the protestants have failed to adequately serve the needs of the shippers in the area here involved for the type of transportation which applicant seeks authority to perform. There is no finding by the commission that the facilities in question have been required by it or that the protestant has failed to provide any facilities or equipment or service required by the commission. Even though the protestant may not have served a particular shipper at a particular time with the service required by the shipper would not give the commission jurisdiction to grant the application unless the commission, in the exercise of its authority, had required the protestant to provide for the particular service and facilities as requested by the shipper.
The territory in question was already being served by a common carrier holding a certificate from the commission and the mere finding of the commission that public convenience and necessity require the issuance of a new certificate to another common carrier is unauthorized unless the commission first determines that the service being rendered by the existing certificate holder (in this case, protestant) has failed to provide service and facilities which have reasonably been required by the commission.
In the recent case of Redwing Carriers v. Mack, Fla., 73 So.2d 416, 420, this Court held:
"It is our conclusion that as suggested, if not decided, in our opinion in Jack's Cookie Co. v. Florida Railroad *597 and Public Utilities Commission, supra [Fla., 54 So.2d 695], it is the intent of our statute to give existing carriers a reasonable opportunity to provide equipment and, if necessary, trained personnel, before the Commission grants a new certificate to another carrier. * * *"
The existing carrier was given no opportunity "to provide equipment and, if necessary, trained personnel," before the commission attempted to grant a new certificate to another carrier. The record fails to disclose that the respondents at any time gave the protestant any instructions with reference to service or any notice that it was required to do anything more than it was doing.
Sections 323.03 and 323.08, F.S., F.S.A., provide for a certificate holder to maintain a time schedule with the Commission and then provide that time schedules filed with the Commission shall not be changed by the auto transportation company "without an order of the commission sanctioning the same." Prior to the hearing the petitioners could not have rendered the specialized service desired by the shippers without violating the law as to time schedules without an order from the respondents sanctioning the same. No such order by respondent Commission was shown to exist.
The petition for writ of certiorari should be and is hereby granted, and the order of the respondents complained of should be and is hereby quashed.
TERRELL, THOMAS, SEBRING and ROBERTS, JJ., concur.
HOBSON and DREW, JJ., dissent.
HOBSON, Justice (dissenting).
Although I am fully cognizant of the language of subsection (3) of section 323.03, F.S., F.S.A., I am of the view that Mr. Justice MATHEWS' construction thereof is too narrow and restricted. Said section does not specifically provide when, or the manner in which, the commission "may reasonably" require an existing certificate holder to provide service and facilities essential to the public convenience and necessity. In my opinion it would be an idle or useless gesture for the commission in a case such as this wherein the existing carriers as a matter of fact have had full opportunity for a number of years to furnish the service needed in a given area and have failed to do so, to enter a special order requiring the existing certificate holders to furnish such service within a given period of time or suffer the issuance of a new certificate to a new carrier. In other words, I feel that once a certificate is issued to a carrier, it is such certificated carrier's continuing duty to provide service and facilities necessary to the public convenience and necessity, and that when for a long period of time such existing certificate holders have failed to perform this obligation, although having had full opportunity to do so, the commission, after making such determination, might issue a certificate to a new carrier.
This case is similar to the case of Tamiami Trail Tours, Inc., v. Carter, Fla., 1954, 80 So.2d 322, and is clearly distinguishable from the case of Redwing Carriers, Inc., v. Mack, Fla., 73 So.2d 416, for in the latter case the protesting carriers had never had the opportunity to provide the service of transporting liquified petroleum gas.
Moreover the construction placed upon the statute by the opinion of Mr. Justice MATHEWS was not argued or briefed, and before such construction is adopted I feel that the commission, which, after all, is responsible for the sound administration of the statute, should have an opportunity to be heard upon this new question.
I therefore vote for the denial of certiorari.
DREW, J., concurs.

On Rehearing
HOBSON, Justice.
After the most extensive reconsideration of this case, in the light of the petition for *598 rehearing and briefs filed by the parties in connection therewith, a majority of the court has reached the conclusion that we cannot accept the construction placed upon the last sentence of F.S. Sec. 323.03(3), F.S.A., by our original opinion herein. This sentence reads as follows:
"When application is made by an auto transportation company for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission."
In Redwing Carriers v. Mack, Fla., 73 So.2d 416, we were confronted with a situation where, by reason of technological development, a new product (liquefied petroleum gas) requiring an entirely new type of transportation service was about to be made available to the public in a particular area. Existing franchise carriers for the area had never been given an opportunity to provide the service when an out-of-state carrier, already equipped for the new transportation, applied for a certificate of public convenience and necessity. There was also the element of misrepresentation in that case, because the shipper had told the certificate holders that its plans for movement of liquefied petroleum gas had not been "finalized" after it had already entered a contract with the new applicant for a certificate. The transportation there involved was of a type which "may" reasonably be required by the commission, i.e., it was within the jurisdiction of the commission reasonably to require such transportation. Under the facts of the case, we held that the commission should have given the existing carriers a reasonable opportunity to provide the service before granting a new certificate to another carrier.
In Tamiami Trail Tours, Inc., v. Carter, Fla., 80 So.2d 322, on rehearing, 80 So.2d 328-329, we extended the doctrine of the Redwing Carriers case to apply to a situation where there was no special equipment needed for the transportation of a new product. After reconsideration of the rule which we there laid down, in the light of the facts of the instant case, we recede from it in its entirety and adhere to the original opinion of Mr. Justice Drew in that case.
In the case now before us, a further extension of the rule of the Redwing Carriers case is contended for. As we have stated above, we cannot accept it.
The rule of the Redwing Carriers case must be restricted to the facts which were there before us, as we have outlined them above. Under the last sentence of our statute, which we have quoted, a certificate should not be granted where there is existing adequate service over the route applied for and, if inadequate, unless the existing carrier has been given an opportunity to furnish such additional service as may reasonably be "required" by the commission. The commission need not first require, or formally require, such service. A new certificate can be granted by the commission on proof of public convenience and necessity therefor if the existing certificate holder has had an opportunity to provide the service and has failed to do so, and the service is within the jurisdiction of the commission reasonably to be required. This interpretation of the statute offers some protection to existing franchise holders, but at the same time permits the commission to be guided in all cases by its polar star: the public convenience and necessity. When a new certificate is applied for, the certificated carrier has the burden of explaining why it has not met the need for the new service, if any such need there is, and in the ordinary case the failure of existing carriers to meet reasonable requirements, mentioned in the last sentence of F.S. Sec. 323.03(3), F.S.A., should be considered as of the time of application for the new permit, and not at some future date.
In this case the commission has made a specific finding that public convenience and necessity require the service applied for, and the evidence supports the *599 finding. Petitioners virtually concede in their brief on rehearing that they are not prepared to provide such service. The service is within the jurisdiction of the commission reasonably to be required. Applying the rules which we have stated above, it is evident that the commission was authorized to grant the application below.
It follows that the petition for writ of certiorari must be, and it is hereby, denied.
DREW, C.J., and ROBERTS and THORNAL, JJ., concur.
TERRELL, THOMAS and SEBRING, JJ., adhere to Opinion filed February 11, 1955.