THORNAL, Justice.
The petitioners, who were protestants before the respondent commission, seek a review of an order granting to United Parcel Service, Inc., a certificate of public convenience and necessity to operate as a private contract carrier.
The point to be determined is whether the respondent commission should have allowed petitioners an opportunity to render a part of the service described in the application prior to awarding the certificate to the applicant United Parcel Service, Inc.
United Parcel Service, Inc., referred to herein as “United”, is a Florida corporate subsidiary of a national organization engaged in a specialized type of delivery service hereinafter described. United applied to the respondent Florida Railroad and Public Utilities Commission for a certificate of public convenience and necessity which would authorize the applicant to operate as a private contract carrier for Jordan Marsh Company, a large Miami department store. Previously, Jordan Marsh had been served by two separate delivery services. One handled parcels weighing not more than seventy-five (75) pounds, the .other handled parcels and freight without limit as to weight. These two prior delivery services became bankrupt and went out of business. Jordan Marsh thereupon proposed to enter into a contract with United, whereby United would agree to supervise, manage, and operate the entire delivery department and service required by Jordan Marsh and its customers in Dade, Palm Beach, and Broward Counties.
The record suggests that United offers a highly specialized and personalized type of delivery service. By its contract with Jordan Marsh United agreed to handle the transportation and delivery of all shipments between Jordan Marsh of Miami and its branch stores and warehouses in the three counties, as well as shipments between the stores and customers. There was no limit on the weight of the shipments. United, in addition, agreed to supervise the Jordan Marsh delivery department, to train its personnel in labor saving and money saving practices, and to contribute to improved public relations of the store through uniformed, well-trained, personable delivery personnel. Included in the service was an agreement not only to deliver the shipments to the customers, but also to install certain delivered equipment, such as refrigerators or television sets, to lay carpets, to hang pictures, and indeed just about every type of service short of cooking Papa’s lunch *450 or “burping the baby” while Mama selected the desired dress for the lot delivered to her for approval.
Respondent Commission was of the view that the type of service tendered by the applicant was thoroughly justified by the public convenience and necessity.
It should be pointed out that the petitioners all rendered a service described as a “parcel delivery service”. They appear to hold certificates to engage as “limited common carriers” for the transportation of packaged and unpackaged merchandize in a parcel delivery service over irregular routes. Actually, we do not find any category designated as a “limited common carrier” by our Auto Transportation Act. Chapter 323, Florida Statutes, F.S.A. But see Order No. 2986 entered on June 11, 1954 by respondent commission in its docket No. 3853-CCT. The protestants are limited to handling merchandize weighing less than seventy-five (75) pounds. Most of them are limited to a territory in Dade County north of the south limits of the town of Perrine. They are classed as “limited common carriers”, as distinguished from private contract carriers. See Section 323.01, Florida Statutes, F.S.A. They rendered none of the accessory transportation services offered by the applicant United. The protestants offered no testimony to support their insistence that Jordan Marsh should be required to use protestants’ services for the delivery of parcels under seventy-five (75) pounds before being permitted to enter into the proposed arrangement with United. They relied on cross-examination of applicant’s witnesses supplemented by “judicial knowledge” of the content of their certificates. The protestants laid no claim to being able to handle shipments weighing in excess of seventy-five (75) pounds, nor are they in a position to render accessory transportation services such as installation of equipment as an incident to delivery.
The respondent commission, after consideration of detailed testimony offered before an examiner, concluded that the service proposed by United was thoroughly grounded in the public convenience and necessity. Respondent found further that none of the protestants was in a position to serve either Jordan Marsh or the public in the efficient and effective manner which the evidence demonstrated would typify the United service. The respondent commission thereupon entered an order granting to United, a certificate of public convenience and necessity to engage as a private contract carrier for Jordan Marsh Company. The protestants, by this petition for certiorari, seek review of the final order of the respondent commission.
It is contended by the petitioners that, as a condition to authorizing United to engage in the service described above, the respondent commission should have given these petitioners an opportunity to demonstrate whether they could handle the Jordan Marsh shipments weighing less than seventy-five (75) pounds.
The respondent commission insists that its order was adequately supported by the evidence and that it has not in any fashion deviated from the essential requirements of the law.
At the outset we emphasize that the type of service heretofore rendered by the petitioners is far short of the well-organized specialized type of delivery service offered by United. As aforementioned, the petitioners lay no claim to a right to handle the Jordan Marsh deliveries of shipments in excess of seventy-five (75) pounds. They merely want the respondent commission to compel Jordan Marsh to divide the service at the seventy-five (75) pound line and let the petitioners handle the lighter shipments with the heavier shipments being allotted to some other carrier, exactly whom we are not told. In contrast the respondent commission takes the position that it was in the public interest, as well as to the advantage of Jordan Marsh’s organization, to have this transportation service rendered by an ex *451 perienced, well-trained organization that could handle every phase of the delivery demands imposed upon Jordan Marsh by the public.
Our examination of the record clearly sustains the view that the findings of the respondent commission are entirely supported by competent substantial evidence. We think the petitioners probably overlook the proposition that in every proceeding of this nature, the public is an unnamed but, nonetheless, essential party. We must, of course, give due regard to the rights of applicants for new certificates, as well as the rights of protestants in the protection of existing certificates. However, the fact remains that the sextant which should keep the respondent commission on its proper course is the welfare of the public in the development of an adequate transportation service. In each instance the commission must initially determine whether a particular applicant for a certificate supports his request by a factual showing that it would be to the public convenience and in the public interest to grant the prayer of the application. The respondent commission is an administrative agency endowed with important judicial powers. When its factual findings are supported by competent substantial evidence, this court will not undertake to re-evaluate the probative weight of the evidence so long as the record reflects competent substantial evidentiary matter that supports the conclusion of the commission.
The petitioners, however, submit that as a matter of law the respondent commission should have first given them the opportunity to render the light freight delivery Service before awarding the certificate to the applicant United. We have pointed out above that in our view the record shows that the petitioners were not in a position and never had undertaken to render the comprehensive type of service offered by the applicant. We see nothing in the record which would justify an order forcing Jordan Marsh, a purely private business enterprise, to make a contract with a group of delivery services whom the officials of the company state are not competent to render the desired service. No evidence was offered to dispute this statement.
The petitioners refer to Section 323.04 (3), Florida Statutes, F.S.A., which reads in part as follows :
“When application is made by an auto transportation company for a certificate to operate as a private contract carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.”
On the basis of the quoted statute the petitioners assert that the respondent commission was without power to grant the certificate in question until it had been demonstrated in some fashion, not pointed out, that the petitioners could not and would not render the transportation services which might reasonably be required in the premises. We think we have adequately disposed of the contentions of the petitioners in this regard by our opinion on rehearing in Alterman Transport Line v. Carter, Fla.1956, 88 So.2d 594.
In the case last cited we specifically held that the quoted statute does not require the respondent commission to set up some preliminary testing program to determine whether existing carriers can render a described service as a condition precedent to awarding a new certificate to a previously non-certificated carrier. In Alterman we held that when the record before the commission demonstrates that existing carriers have failed to provide the type of service described in an application for a new certificate and reflects a condition whereby the public convenience and necessity justifies the award of the new certificate, then *452 the burden is upon the existing carriers to explain why they have failed to meet the requirements of the public convenience and necessity and why they have not rendered the service described in the application for the new permit as of the time of the filing of such application.
In the Alterman case we specifically referred to Tamiami Trail Tours, Inc. v. Carter, Fla.1955, 80 So.2d 322 and announced our adherence to the opinion prepared by Mr. Justice Drew in the original consideration of that case. We here again specifically recede from the rule of the majority announced on rehearing in Tamiami Trail Tours, Inc., v. Carter, supra, and herewith again announce our adherence to the original opinion prepared by Mr. Justice Drew in that case.
Since Alterman Transport Line v. Carter, supra, we have reaffirmed our adherence to the rule of that case in L. & S. Trucking Corp. v. Florida Railroad and Public Utilities Commission, Fla.1956, 89 So.2d 339.
In Alterman Transport Line v. Carter, supra, we undertook to explain the reasons for the exception announced in Redwing Carriers v. Mack, Fla.1954, 73 So.2d 416. In order to make our position clear on this problem, which apparently has been the product of some confusion following these recent decisions, we herewith state that the rule of Redwing Carriers v. Mack, supra, is to be confined within the limited orbit of the factual situation that produced that opinion. We do not recede from the rule of Redwing Carriers v. Mack, supra, because it is conceivable that on some future occasion we might be confronted with a similar factual situation that would produce a similar result. We, nevertheless, hasten to add that the rule of the Redwing Carriers case is not to be extended by interpretations that would expand it beyond the limiting factual situation that produced the rule. We had thought that we had adequately explained the Redwing Carriers case in the majority opinion on rehearing in Alterman Transport Line v. Carter, supra. We make reference to it again here in order to harmonize these seemingly divergent decisions into one composite rule.
Finding as we do' that the order of the respondent commission was adequately supported by competent substantial evidence and that in entering the order the respondent met the essential requirements of the law, we must, therefore, conclude that the writ be and it is hereby denied, and that the petition be and it is hereby dismissed.
It is so ordered.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.