PER CURIAM.
The Petitioners, who were protestants before the Respondent, Florida Public Utilities Commission, seek a review by certi-orari of an order granting to McKenzie Tank Lines, Inc., an extension of its certificate of public convenience and necessity so as to authorize the transportation of cement in bulk from points in Leon County to other points in Florida.
The grounds raised here by Petitioners are for the most part well taken. However, our agreement with Petitioners’ sec *338 •ond ground will dispose of this case. Said .ground as propounded by Petitioners in itheir brief is:
“Said Orders # 6535 and # 6563 are •erroneous in that while realizing the •existing carriers were not given the opportunity to attempt to satisfactorily ■serve Alpha, the Commission felt that these existing carriers were not entitled to this opportunity because the .shipper desired a carrier which did not .sei~ve any other cement company and ■did not believe existing carriers to be •capable of rendering satisfactory service.” (Emphasis supplied.)
Briefly, the facts in this case are: two ■of the Petitioners (protestants), Commer•cial Carrier Corporation and Florida Tank Tines, Inc., a subsidiary of Redwing Carriers, Inc., have authority to transport bulk •cement to and from all points in Florida. 'The purpose of McKenzie’s application is to allow McKenzie to furnish transportation service to Alpha Portland Cement Co., which manufactures, distributes and sells Portland and mortar cement. Alpha has ■manufacturing plants and distributing terminals throughout the area east of the Mississippi River and in southwest Texas. .Alpha supported McKenzie’s application after determining that McKenzie was able to ■serve its needs. It appears from the record that Alpha made no investigation of existing certificated carriers who might provide the desired service. It further appears from the record that Petitioners were not aware of the needs of Alpha prior to •the filing of the application of McKenzie, whereupon they immediately got in touch with Alpha and offered their services. Alpha denied the need for such services. It appears that Petitioners out of their in■quiries to Alpha were either misled or kept in the dark by Alpha as to Alpha’s intents •and purposes in regard to its plans for shipping cement in Florida and in supporting a particular carrier seeking authority to transport its cement. Alpha desired to have one carrier to handle both its interstate .and intrastate shipments, as well as a carrier who does not furnish service to Alpha’s competitors. In spite of the Commission’s finding, the record clearly shows that McKenzie did not have interstate authority at the time the Commission issued its original order granting McKenzie’s application.
The record indicates Petitioners were and are still ready, willing and able to provide the services that Alpha indicated it desired.
After a hearing on the application of McKenzie, the examiner of Respondent, Florida Public Utilities Commission, submitted his report and recommendation wherein he found, inter alia, that Alpha made no investigation of existing certificated carriers who might provide its desired service and held that McKenzie failed in all respects to show that public convenience and necessity required the granting of its application. Accordingly, the examiner recommended that the application of McKenzie be denied.
The examiner very accurately analyzed the facts and arrived at a consistent conclusion. We quote favorably from a portion of the “Examiner’s Report and Recommended Order”:
“In summary, we are concerned with the transportation of bulk cement from Leon County for the first time. The applicant, Commercial and Tank Lines are all qualified to provide the transportation, but McKenzie needs the requisite authority. For some unknown reason the shipper, Alpha, is requesting common carrier authority for the Applicant rather than attempt to utilize the services of the existing common carriers, and if the application is denied, it might resort to private carriage.
“It is true that the existing common carriers would not be adversely affected if, in any event, Alpha never tenders them any shipments. Yet the record does not indicate anything peculiar about the transportation requirements *339 as common carriage or that Commercial or Tank Lines can not or will not fulfill their common carrier responsibilities towards this shipper if shipments are tendered to them. Jack’s Cookie Co. v. Florida Railroad and Public Utilities Commission, 54 So.2d 695 (Fla.); also Order No. 5325, certiorari denied without opinion in Central Truck Lines, Inc., et al. v. King et al., 147 So.2d 528 (Fla.) Severally stated, the policy of the law is to avoid duplication of common carrier services and to afford the existing common carriers capable of providing the service the opportunity to do so. Section 323.03 (3), Florida Statutes, provides in part that ‘the commission shall grant same (a certificate) only when the existing certificate holders serving such territory fail to provide service and facilities. * * * ’ In this instance, no bulk cement has even been transported from Leon County and the existing carriers appear ready, willing and able to transport shipments tendered them.”
The Commission, as did the examiner, recognized in its order the state policy of allowing existing carriers to provide the service sought unless such existing available service was found to be unsatisfactory; then the shipper may support the application of another carrier upon which the Commission would look favorably. However, the Commission erroneously concluded :
“ * * * In this case the Commission finds that it would be a vain and useless thing to even afford the protestants an opportunity to extend their services since for the above mentioned reasons, Alpha feels that the protestants could not satisfactorily provide the services and has stated that if in the event the application is denied then it would resort to private equipment rather than avail itself of the protestant’s services. $ * * »
We find nothing in the record to support such a conclusion. Neither do we find support for the Commission’s order in decisions rendered by this Court. Indeed, this Court’s decisions in Redwing Carriers v. Mack, 73 So.2d 416; Alterman Transport Lines v. Carter, 88 So.2d 594, and Ace Delivery Service, Inc., v. Boyd, 111 So.2d 448, are contrary to the Commission’s position. The cases cited require that an existing carrier or carriers have reasonable opportunity to demonstrate they are able to render satisfactory service to a shipper prior to the issuance of a certificate to another carrier. Protestants appear to have carried the burden of demonstrating at the hearing they were fully able to provide satisfactory service to Alpha and that there were no special transportation problems or circumstances involved justifying Alpha’s preference of McKenzie Tank Lines, Inc., over protestants.
The welfare of the shipper is a proper concern of the Commission. Ace Delivery Service, Inc., v. Boyd, supra. However, there appears no basis for deviating from the established rules announced in the foregoing cases by saying it would be a “ * * * vain and useless thing to even afford * * * ” the petitioners an opportunity to serve Alpha because Alpha feels that petitioners could not satisfactorily provide its desired services. The policy and standards set forth in F.S. Section 323.03(3), F.S.A., as interpreted in said cases, are not to be departed from in a particular instance where protest is registered merely because a shipper feels existing transportation services provided by certified carriers are unsatisfactory and the shipper’s belief is not supported by a factual showing commensurate with the tests prescribed in said cases. The Commission is established to regulate public carriers and insure satisfactory public transportation services by them which meet the guidelines provided by the statutes. The wishes, preferences or feelings of Alpha or any other shipper in support of a particular carrier applicant are not enough *340 absent an evidentiary factual showing that the application meets statutory standards. The record supports the examiner’s findings and recommendation but lends no support to the Commission’s acquiescence in Alpha’s desires as to its need for the particular services of the applicant carrier or its feelings as to the unsatisfactory quality of existing carrier service.
The petition for writ of certiorari is granted and the challenged orders of the Florida Public Utilities Commission are hereby quashed.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ-, concur.