BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Public Service Commission. The facts of the case are as follows:
Petitioner, protestant before the Commission, seeks review of Commission Order No. 10597, dated March 27, 1973, which had denied petitioner’s request for reconsideration of Order No. 10435, dated December 20, 1972. Order No. 10435 states well both the facts and law involved in the instant case, and said Order is set forth below :
“Siboney Trucking Company seeks a contract motor carrier certificate to serve Quaker Oats Company transporting bagasse in Palm Beach, Hendry, Glades, Martin, Lee, Collier and Bro-ward Counties, Florida.
“Siboney is a newly formed corporation organized to obtain and operate under the authority requested. The owner and operating official has many years’ experience in transportation. The applicant is qualified to provide the proposed transportation.
“Siboney has been providing the proposed transportation pursuant to temporary grants of authority by Orders No. 10360 and 10397, dated November 8, 1972, and November 21, 1972, respectively-
“The protestant herein, Scarlet Truck Service, holds certificated common carrier authority to transport bagasse within the area involved, and has, for a matter of fact, provided the required transportation for Quaker Oats Company. *702 Incidentally, Scarlett [sic] is the only carrier holding authority to transport ba-gasse within Florida.
“An examination of the record in this case shows that the Quaker Oats Company actually tendered the traffic involved to the protestant, Scarlet Truck Service, Inc. However, Scarlet refused to perform the transportation services at the rate provided in its approved tariff and, at the same time, has not petitioned this Commission for an increase in its rates. This is clearly set forth at Pages 123 and 124 of the transcript of the October 2, 1972 hearing, where Mr. F. J. Rath-bun, President of Scarlet Truck Service, Inc., testified as follows:
“Q. All right, sir. Did they (Quaker Oats Co.) offer you another contract to do the same hauling as you did last year, at the same price ?
“A. Yes, sir.
“Q. Did you turn it down ?
“A. Yes, sir.
“Mr. Rathbun has failed in subsequent attempts to explain away his previous refusal to render the service since his testimony still indicates that he will not handle the traffic involved without an increase in rates. This he cannot legally do.
“Section 323.03(c) [323.03(3)(c)], Florida Statutes, F.S.A., provides:
‘When application is made by a motor carrier for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the Commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the Commission.’
“The Supreme Court of Florida, in the case of Alterman Transport Lines v. Carter, 88 So.2d 594 (1956), held that a new certificate to operate as a common carrier may be granted by the Commission on proof of public convenience and necessity if the existing holder has had an opportunity to provide the service and has failed to do so. This would apply with equal force to an application for contract carrier authority.
“This Commission has certain procedures whereby a common carrier may obtain authority to increase its rates, if such is warranted. However, until this Commission approves the modification of a carrier’s rates, said carrier is bound by law to provide its services in accordance with the tariff it has on file with our Rate Department. This, Scarlet Truck Service, the only carrier authorized to transport bagasse in Florida, is not only failing to provide what may be considered reasonably adequate service and facilities, it has, in essence, refused to provide any of the services or facilities so desperately needed for the shipment of bagasse. Therefore, this Commission finds that public convenience and necessity requires the grant of Siboney’s application.
“The Commission further finds, since Scarlet has refused to provide the services in question under its existing tariff, and because it has not filed for any rate increase, that the existing transportation facilities will not be affected by this grant of authority.
“. . . . It is therefore,
“ORDERED by the Florida Public Service Commission that the application of Siboney Trucking Company, U. S. Highway 27 at First Street, South Bay, Florida, for a contract carrier certificate to serve Quaker Oats Company, transporting bagassee in Palm Beach, Hendry, Glades, Martin, Lee, Collier and Bro-ward Counties, Florida, be and the same is hereby granted. . . .”
Petitioner has raised two points before this Court. First, he alleges that the Com *703 mission departed from the essential requirements of law in considering Siboney’s operation under temporary authority granted to them improperly by Order No. 10360 and No. 10397 [referred to in Commission Order 10435 above].
Secondly, petitioner argues that the Commission refused to follow the essential requirements of law in Section 323.04, Florida Statutes, F.S.A., and its findings are not based on substantial competent evidence.
As to the first point, it is petitioner’s contention that both Orders were issued in violation of the applicable statutes and the Commission’s own rules and regulations, and that the Commission did not have the authority to issue them under the circumstances, thus rendering the Orders granting the authority void when issued. Petitioner alleges that the Commission did not follow its rules, in that: no notice was given to petitioner, either personally or by first class mail; that the application for temporary authority had been filed, although a copy of the petition had been served on petitioner’s attorney; that no notice was served on the mayor or chief magistrate of each city and town in or through which the applicant desired to operate, or the chairman of the board of county commissioners of each county in which the proposed service would be operated, or to the Secretary of the Department of Transportation.
Petitioner alleges that according to Commission rules, if a hearing is requested, the application for temporary authority will not be acted upon until the protestant is given an opportunity to be heard; and, in the instant case, petitioner’s protest was filed within four days of the date of the petition for temporary authority, and a specific request for a hearing was made. Yet, the Commission completely ignored such request, and entered Order No. 10360 without benefit of a hearing.
Petitioner alleges that, while satisfactory showing must be made to the Commission by affidavit from a person or persons other than the applicant that an immediate and urgent transportation need exists, in the instant case only one affidavit was attached to the application, and nowhere was there stated that such a need existed.
As to petitioner’s second point, he alleges that, according to Florida Statutes, Section 323.04, F.S.A., the Commission is not legally authorized to grant an application for a contract carrier’s certificate of public convenience and necessity until it has been affirmatively shown that an existing certificate holder serving the territory involved has failed to provide the services and facilities which may be reasonably required. And in addition, according to Section 323.-04(3) (a), before such a certificate is granted, the Commission must “take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant”.
Petitioner alleges that in the instant case the Commission did not or could not make the above-required findings based on the evidence adduced in the proceeding. Petitioner attacks the Commission for relying so heavily upon a single portion of Mr. Rathbun’s testimony [that quoted within Order No. 10435 above], while ignoring considerable other testimony by Mr. Rath-bun to the opposite effect.
In response to petitioner’s argument, respondent raises one point before this Court, which is: whether the Commission departed from the essential requirements of the law in the issuance of the Order No. 10435.
Under this one point, respondent responds to both issues raised by petitioner.
In response to the question concerning the grant of temporary authority in Order No. 10360 and No. 10397, respondent argues that in the instant case a full and complete hearing had been held on the permanent authority application prior to the institution of a petition for emergency *704 temporary authority, and that, therefore, the Commission had before it all the evidence, both from applicant’s standpoint, as well as protestant’s standpoint, to make a decision as to whether or not to grant emergency temporary authority.
Additionally, respondent argues that the Commission had before it an affidavit from a representative of the shipper indicating that an extreme emergency existed, and that time was of the essence in granting such emergency authority. Respondent thus argues that under the circumstances, the Commission was justified in issuing a very limited emergency temporary authority.
In response to petitioner’s complaint that the Commission issued the limited emergency temporary authority without notice of hearing, respondent points out that the shipper first offered the service and business to petitioner, as the record indicates. Petitioner refused to tender service.
In response to petitioner’s second point, respondent simply argues that competent substantial evidence supported the Commission’s findings. Respondent submits that the applicant met its burden of proof by showing: 1) that it would devote all of its equipment to the exclusive use of the shipper; and 2) that it had the capability and the capacity to satisfy special and distinct needs of the shipper.
Respondent submits that the Commission was justified in finding that the petitioner could not carry this burden.
Our careful consideration and analysis of the petition, the record, and briefs and arguments of counsel sustains the view that the findings of the Commission are «supported by competent substantial evidence, and that, in entering its order, respondent Commission met the essential requirements of law.
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
ROBERTS, ERVIN, ADKINS and McCAIN, JJ., concur.
CARLTON, C. J., and DEKLE, J., dissent.