PER CURIAM.
We have for review by petition for writ of certiorari Order No. 10449 of the Florida Public Service Commission, dated December 27, 1972, denying the petitions for reconsideration filed by petitioners, Greyhound and American. We have jurisdiction pursuant to Article V, § 3(b)(3), Florida Constitution, F.S.A., and F.S. § 350.641, F.S.A.- Upon motion of the respondents alleging that all counsel of record agreed thereto, we consolidated the two cases herein.
On December 17, 1971, A-l Bus Lines, Inc. (applicant) applied with the Commission for an extension of its certificate of public convenience and necessity No. 974 so as to authorize the roundtrip transportation of passengers in a sightseeing service operating daily Monday through Friday on regular routes and schedules from points in Dade and Broward Counties to Walt Disney World near Orlando.
The Commission appointed an examiner, and after proper notice a public hearing was held on January 25, 1972. Petitioners, Greyhound and American, and also Gray Line Sightseeing Tours, Inc., participated therein as .protestants. On February 7, 1972, the examiner issued a report recommending that A-l’s application be granted and Greyhound and American filed exceptions thereto. After oral argument the Commission entered Order No. 10244 on August 4, 1972, granting the extension authority sought by A-l which was held in abeyance pending compliance within 60 days with the rules pertaining to motor common carriers of sightseeing passengers. Greyhound and American filed petitions for reconsideration, both of which the Commission denied in Order No. 10449, the Order petitioners seek to have reviewed by this Court.
Petitioners Greyhound and American independently argue essentially that:
I. The Commission departed from the essential requirements of law in finding that A-l proved public convenience and necessity.
II. The Commission’s finding of public convenience and necessity was not based on competent and substantial evidence.
In arguing issue I that the Commission departed from the essential requirements of law, petitioner Greyhound quoted from the Commission’s Order No. 10244 as follows :
“Protestants American Sightseeing Tours, Inc. (American) and Greyhound generally presented evidence of their authority, equipment and operations Greyhound serves Disney World, among other places, through regular route and scheduled service and daily special operations buses, neither of which the Commission has found to be sightseeing as proposed by applicant. (Order Nos. 7605, 7605-A, 7626, and 7624.) American provides sightseeing tours to Disney World pursuant to temporary authority granted by Order No. 9685 and has subsequently been made permanent by Order No. 10021. Therefore, the only possible protestant would be American. On July 21, 1972, subsequent to the notice of the instant application for hearing, American initiated one-day tours to Disney World (TR 209) and holds itself out as ready, willing and able to serve all persons desiring transportation to Disney World. Official no *67 tice is taken that records of the Commission show no tariff or schedule for American’s one-day tour has been approved. Commission rules require approval before such service can be commenced. Accordingly, at the time A-l Bus Lines filed this application there was no one-day sightseeing tour to Disney World and the evidence is clear there was a need for such service.”
Greyhound urges that by so finding, the Commission has erroneously held: (1) Greyhound is not a proper protestant to A-l’s application, and (2) there was no one-day sightseeing tour to Disney World at the time A-l filed its application.
As to (1) above, Greyhound alleges denial of due process guaranteed by F.S. §§ 323.03(3) (c) and 120.26(1), F.S.A. § 323.-03(3) (c) provides:
“When application is made by a motor carrier for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.”
and § 120.26(1) affords each party authorized by law to participate in an agency proceeding the right to present his case or defense by oral and documentary evidence. A close reading of the order granting Al’s application and the hearing transcript clearly shows Greyhound was not so wronged.
Greyhound was permitted to and did in fact present oral and written evidence at the hearing as to the issue of public convenience and necessity, which must be proved as a condition precedent to granting an application under F.S. § 323.-03, F.S.A. The Commission found, however, that Greyhound serves Disney World through regular route and schedule service and daily special operations buses, but not through sightseeing service as proposed by A-l. The fact that Greyhound does not provide sightseeing service, as distinguished from its other authorized service, has been previously determined in prior orders of the Commission (Orders Nos. 7605, 7605-A, 7626 and 7624), and is substantiated by stipulation of counsel at the hearing:
“Q Do you have anything in your certificate that authorized sightseeing service per se and uses the words ‘sightseeing service?’
“MR. WILBUR: Mr. Examiner, if it will be helpful, I would stipulate with respect to the trip that Greyhound is running to Disney World is special operation on our certificated route and it is not under any sightseeing authority.”
Thus, we think the Commission properly concluded, although it may have better and more clearly stated, that while Greyhound had the right to protest and present evidence that public convenience did not warrant approval of A-l’s proposal, Greyhound did not have standing to protest under § 323.03(3) (c) the approval of sightseeing service over the routes served by Greyhound in its regular route and scheduled service and daily special operations. What Greyhound had standing to protest, it was permitted to; what Greyhound did not have standing to protest, it was properly denied. Thus, we think Greyhound was accorded the statutory due process to which it was entitled.
As to (2) above, Greyhound alleges its one-day tour and that proposed by A-l are substantially identical, notwithstanding the label “sightseeing”. Contrary to the facts alleged by Greyhound, the record shows the service provided by Greyhound and that proposed by A-l are similar in many respects but are clearly not identical. The substantive differences are principally the pick-up of passengers at their hotels and motels along Miami Beach and return to the Miami terminal, for continuation by regular route service to Disney World and *68 return by the same route, and failure to provide a tour guide at the destination by Greyhound, as compared to pick-up of passengers at their hotels and motels with direct transportation to Disney World and direct return similarly, together with guide (Spanish-speaking if desired) service at the destination and during the trip by A-l.
Pursuant to its authority under F.S. § 323.07, F.S.A., to promulgate rules and regulations for motor carriers, the Commission has defined “sightseeing” as follows:
“Sightseeing carriers are limited common carriers engaged in transporting passengers over a specified route, from a designated place or designated places, pointing out places of interest to such passengers along the route and returning said passengers to their point of origin.” Commission Rule 25-5.45(1).
A-l’s application with the Commission is expressly for sightseeing service, the Commission has treated it as such within the definition quoted, and the record bears its determination out. The service provided by Greyhound, however, is clearly not sightseeing service (as the Commission has previously determined) and we may not relabel it simply to facilitate Greyhound’s protest. Furthermore, we are not convinced that under F.S. § 323.03, F.S.A., Greyhound has the right of first refusal to provide sightseeing service in a territory or on a line already served by Greyhound under regular route authority alone. As we interpret the statute, § 323.03(3) (c) entitles Greyhound to provide additional service similar to that which it was providing under its authority existing at the time of A-l’s application, but not that which it was not authorized to provide, specifically sightseeing service. To find otherwise would permit total preemption of any other kind of service in a territory or on a line satisfactorily served by a carrier with only regular route authprity thereon. This we think the statute does not intend.
As to issue II, Greyhound argues the Commission’s findings are not based on competent and substantial evidence, i. e. it was error inter alia to consider evidence of unauthorized service to prove public convenience and necessity. The testimony reflects that the See Florida Association was providing sightseeing service to Disney World two days a week without a certificate of public convenience and necessity. A-l provided the buses for See Florida and presented evidence of the unapproved See Florida service as proof of public convenience and necessity for A-l’s proposed service, which is similar to that provided by See Florida. Greyhound argues that under the rule of Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (Fla.1964), A-1 should not be permitted to prove public convenience and necessity by evidence of any prior illegal operation, whether conducted by A-l or See Florida.
In Southern the Commission issued an order for emergency armored car service which this Court later declared void when issued. We then prohibited Southern from proving public convenience and necessity by evidence of a legally unauthorized operation conducted by Southern under the void order. In Southern the unauthorized service was provided by the applicant; in the instant case it was provided not by the applicant but rather by a party independent of the application and proceedings. Furthermore, the Commission has determined in its order with respect to any violations by A-l:
“The show cause order referred to above alleges various violations, none of which involved one-day tours to Disney World, and none related to the public need for such transportation. Accordingly, it cannot be contended that any operation involved in the show cause order substantiated public need for this application. Cf. Southern Armored Car Service, Inc. v. Mason, supra.” (Emphasis supplied.)
We agree.
*69 Petitioner American, however, stands on different footing than Greyhound. As to issue I, at the time of A-l’s application American was providing sightseeing tours to Disney World pursuant to temporary authority subsequently made permanent. Under its certificated authority, subsequent to notice of the hearing herein, American initiated one-day tours to Disney World and held itself out as ready, willing and able to serve all persons desiring transportation thereto. Yet the Commission took official notice that its records showed no approved tariff or schedule for American’s one-day tour and concluded therefore on the authority of Alterman Transport Line v. Carter, 88 So.2d 594 (Fla.1956), that at the time A-l’s application was 'filed there was no 1-day sightseeing tour to Disney World, saying:
“Furthermore, . . . American has submitted no pick-up points to the Commission for approval (TR 210, 219). Therefore, granting this application will not result in buses vying for first arrival at pick-up points and thereby creating a safety hazard in high density traffic areas. American’s failure to designate authorized pick-up points does not foreclose or preclude the Commission from subsequently granting authority over the same routes. In other words, American cannot preempt an entire route by not designating pick-up and discharge points.”
Applying our foregoing interpretation of § 323.03(3) (c) to American, we conclude that, as holder of a certificate for sightseeing service over the routes sought by A-l, American had standing to protest A-l’s application and the Commission was bound to make a determination that American had been given an opportunity and failed to provide service and facilities reasonably required by the Commission, regardless of the fact that American’s application for pick-up points had not yet been approved. This the Commission did not do and so erred. Alterman Transport Line v. Carter, supra.
We have carefully considered the other arguments raised by petitioriers herein and find them to be without merit.
For the reasons stated herein, the writ in Case No. 43,320 as to petitioner Greyhound should be and is hereby denied. In Case No. 43,321 as to petitioner American, the writ is granted, Order No. 10449 of the Commission is quashed and remanded to the Commission with instructions to hold a public hearing and make appropriate findings as to whether American failed to provide service and facilities reasonably required by the Commission on the route sought by A-l.
It is so ordered.
ADKINS, C. J., and ERVIN, McCAIN and CARLTON (Retired), JJ., concur.
ROBERTS, BOYD and DEKLE, JJ., dissent.