SUNDBERG, Justice:
There is before us for review by petition for writ of certiorari Order No. 11873 of the Florida Public Service Commission (the Commission), dated January 22, 1975, which denied petition for reconsideration directed to Order No. 11756, dated November 4, 1974, filed by petitioner, American Sightseeing Tours, Inc. (American). Jurisdiction is vested in this Court pursuant to Article V, § 3(b)(3), Florida Constitution, and § 350.641, Florida Statutes.
In December, 1971, A-l Bus Lines, Inc., the intervenor-respondent, (A-l) filed an application with the Commission seeking an extension of its Certificate of Public Convenience and Necessity No. 974 so as to authorize a “1-day” round trip sightseeing service on regular routes and schedules from points in Dade and Broward Counties to Walt Disney World. After a series of hearings, the Commission granted the application and American filed a petition for writ of certiorari in this Court (Case No. 43,321). Case No. 43,321 was consolidated with a certiorari petition filed by Greyhound Lines, Inc. The consolidated proceedings resulted in denial of the petition by Greyhound Lines, Inc.; however, the Court granted the petition filed by American and quashed the Commission’s order granting A-l’s application, remanding the matter to the Commission to “hold a public hearing and make appropriate findings as to whether American failed to provide service and facilities reasonably required by the Commission on the route sought by A-l”. Greyhound Lines, Inc., Greyhound Lines-ED v. Bevis, 294 So.2d 65 (Fla.1974).
*170 In compliance with our mandate a hearing was held before an examiner for the Commission in Miami, Florida, on July 9, 1974. The parties were provided the opportunity to present evidence and to examine witnesses. On July 26, 1974, the examiner issued his recommendation that A-l’s application for extension of its certificate be granted on the basis that its service was different from that offered by American. The evidence disclosed that American’s tour busses feature a driver-tourguide while A-l offers both a driver and a tour-guide who serves a continental breakfast on the bus and personally conducts the passengers on their tour of the various exhibits at Walt Disney World. It is also clear that at no time prior to notice of the original hearing on A-l’s application had American initiated one-day tours to Walt Disney World, but only commenced one-day tours the day preceding the original hearing on A-l’s application.
American filed exceptions to the examiner’s findings and conclusions. Oral argument was granted and on November 4, 1974, the Commission issued its Order No. 11756 granting the extension of A-l’s Certificate of Public Convenience and Necessity to operate as a sightseeing carrier from points in Dade and Broward Counties to Walt Disney World Theme Park on regular routes and schedules. The Commission found, in its order, that American had had an opportunity to commence one-day tours to Walt Disney World but had offered only two-day tour service until A-1 had filed an application and hearing was noticed thereon. On November 18, 1974, American filed a petition for reconsideration which was denied by the Commission in Order No. 11873, dated January 22, 1975, with one commissioner dissenting.
This petition for certiorari ensued. ■ In addition, American filed a petition to compel compliance with the mandate of this Court, alleging that at the July hearing the examiner erred in not focusing on the issues spelled out by the Court in its earlier decision, i.e., whether American had failed to provide service and facilities reasonably required by the Commission on the route sought by A-l. After oral argument the petition to compel compliance was denied on March 4, 1975.
Petitioner in the instant case asserts, essentially, that the Commission has departed from the essential requirements of law by failing to make a determination that American has been given an opportunity and failed to provide service and facilities reasonably required by the Commission. We disagree.
The pivotal point is whether or not the opportunity to which American is entitled must be determined from the period of time it commenced service to Walt Disney World under its temporary and permanent authority up until the date upon which A-l filed its application, or whether it must be granted a present opportunity to demonstrate its ability to provide the service which the Commission has determined to be necessary and in the public interest. American asserts that § 323.03, Florida Statutes, requires the latter. Unquestionably American is within the category of “sightseeing carrier” as defined in Commission Rule 25-5.45(1) and was therefore entitled to notice and to participate in the hearing upon A-l’s application. At such hearing it is entitled to contest whether the service applied for is required by public convenience and necessity. If such a finding is made by the Commission the protestant is entitled further to assert that it has not failed to provide such service and facilities as reasonably required by the Commission. This Court recognized such rights in American by our decision in Greyhound Lines, Inc., Greyhound Lines-ED v. Bevis, supra. In that decision the Court considered that:
“. . . as holder of a certificate for sightseeing service over the routes *171 sought by A-l, American had standing to protest A-l’s application and the Commission was bound to make a determination that American had been given an opportunity and failed to provide service and facilities reasonably required by the Commission, regardless of the fact that American’s application for pick-up points had not yet been approved. This the Commission did not do and so erred. Alterman Transport Line v. Carter, supra. [Fla., 88 So.2d 594].” (Emphasis supplied)
 By virtue of the underlined language quoted above, American concludes' that it is to be afforded a present opportunity to demonstrate its willingness and ability to provide the service applied for by A-l. However, it will be noted that the holding in Greyhound Lines, Inc., Greyhound Lines-ED v. Bevis, supra, relied on the authority of Alterman Transport Line v. Carter, 88 So.2d 594 (Fla.1955). The original decision in Alterman, supra, written by Chief Justice Mathews, did support American’s contention. However, on rehearing the Court, speaking through Justice Hobson, expressly rejected the proposition that the Commission must first require a particular type of service before a protestant may be found to have failed to provide such service. Chief Justice Mathews, in the original opinion, relied on the case of Redwing Carriers v. Mack, 73 So. 2d 416 (Fla.1954). On re-hearing in Alterman Mr. Justice Hobson opined:
“The rule of the Redwing Carriers case must be restricted to the facts which were there before us, as we have outlined them above. Under the last sentence of our statute, which we have quoted, a certificate should not be granted where there is existing adequate service over the route applied for and, if inadequate, unless the existing carrier has been given an opportunity to furnish such additional service as may reasonably be ‘required’ by the commission. The commission need not first require, or formally require, such service. A new certificate can be granted by the commission on proof of public convenience and necessity therefor if the existing certificate holder has had an opportunity to provide the service and has failed to do so, and the service is within the jurisdiction of the commission reasonably to be required. This interpretation of the statute offers some protection to existing franchise holders, but at the same time permits the commission to be guided in all cases by its polar star: the-public convenience and necessity. When a new certificate is applied for, the certificated carrier has the burden of explaining why it has not met the need for the new service, if any such need there is, and in the ordinary case the failure of existing carriers to meet reasonable requirements, mentioned in the last sentence of F.S. Sec. 323.03(3), F.S.A., should be considered as of the time of application for the new permit, and not at some future date.”
In that it cannot be said that there was insufficient evidence to support the Commission’s conclusion that the service applied for by A-l is necessary and in the public interest, nor that there is insufficient evidence to support its conclusion that American had failed to provide such service and facilities under the test oí Alterman Transport Line v. Carter, supra, we cannot conclude that the Commission “departed from the essential requirements of law in its orders here under attack. Accordingly, the petition for certiorari herein is denied.
It is so ordered.
ADKINS, C. J., and ROBERTS, ENGLAND and HATCHETT, JJ., concur.