ENGLAND, Justice.
Redwing Carriers, Inc. asks us to review and quash an order of the Florida Public Service Commission granting a certificate of public convenience and necessity to McKenzie Tank Lines, Inc. for the transportation of bulk liquid chemicals by tank vehicles from St. Lucie and Broward Counties to all points in Florida.[1] Prior to the grant, Redwing was the only carrier authorized by the Commission to perform this type of transportation service in these areas of the state.
The controversy between Redwing and McKenzie focuses on the liquid chemical transportation needs of Apperson Chemical Company. In 1976 Apperson established a bulk chemical shipping point in Ft. Pierce (St. Lucie County). It simultaneously contemplated locating a similar shipping point at some indefinite future date in Pompano Beach (Broward County). As the only authorized tank truck carrier in those locales, Redwing undertook to provide Apperson with on-call service for the Ft. Pierce plant from its terminal in Ft. Lauderdale (Bro-ward County). During the initial 3-month period that Apperson’s Ft. Pierce terminal was in operation, however, Redwing apparently failed repeatedly to provide the transportation services it had promised, as a consequence of which Apperson was forced to close its Ft. Pierce shipping point and postpone opening a plant in Pompano Beach. Apperson testified to the Commission that it will reopen the Ft. Pierce plant if McKenzie receives authority to serve its transportation needs.
After public hearings on McKenzie’s application, a hearing examiner recommended that authority be granted only as to St. Lucie County since the Broward County facility was still in the planning stage. Nevertheless, the Commission granted McKenzie’s application as to both counties (with one commissioner dissenting as to Broward County).
Redwing now assails both portions of the Commission’s order. There is little precedential value in a discussion of Red-wing’s attack on that portion of the Commission’s order which authorizes McKenzie to transport bulk liquid chemicals from St. Lucie County. We have examined the record of these proceedings and find, first, that the order in that regard is supported by competent substantial evidence, and second, that the Commission’s findings of fact meet the specificity requirements set forth in Section 120.59(1), Florida Statutes (1975).
With respect to the Commission’s grant of authority for McKenzie to transport liquid chemicals in bulk from Broward County, however, the ramifications of the Commission’s action warrant some discussion. Apperson was the only shipper to testify as to the need for a certified tank truck carrier in Broward County, and its needs are conceded by the Commission and McKenzie to be prospective only. In granting McKenzie authority to meet those “needs”, the Commission essentially deter *724 mined that Redwing’s service deficiencies in serving Apperson’s St. Lucie County facility were of such magnitude that another carrier should be given an opportunity to serve Apperson’s Broward County facility when and if the need for transportation by common carrier should arise. This decision of the Commission fails to meet statutory requirements for the grant of a certificate of public convenience and necessity under Chapter 323, Florida Statutes (1975), and thus evinces a departure from the essential requirements of law.
Section 323.03(3)(a), Florida Statutes (1975), directs that when the Commission proposes to issue a certificate of public convenience and necessity it
“shall take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant, and also the effect upon transportation as a whole within said territory.”
Section 323.03(3)(c) provides that a certificate for common carriage in a territory already certificated to another carrier shall be granted only when the existing carrier fails to provide the services and facilities which the Commission has required. We have held that this latter provision places a burden on applicants for a certificate to show that existing service and facilities are unsatisfactory. Fargo Van & Storage, Inc. v. Bevis, 314 So.2d 129 (Fla.1975). In declining McKenzie’s request to service Ap-person’s proposed needs in Broward County, the hearing examiner found as a fact that “Redwing could conveniently serve Pompano Beach from its Ft. Lauderdale terminal . . .."
The deficiencies in the Commission’s determination are manifest. First, since no shipper from Broward County testified, there was no evidence at all regarding the adequacy of existing service in that area. Second, Redwing obviously was not given a reasonable opportunity to serve Apperson’s Broward County needs before McKenzie was granted authority to do so, since Ap-person never inaugurated Broward County service. See Commercial Carrier Corp. v. Mason, 177 So.2d 337 (Fla.1965).[2] Finally, there is no showing in the record, and no finding in the Commission’s order, as to the effect on Redwing of granting McKenzie a certificate to serve Apperson in Broward County.[3]
Commission Order No. 13695 is quashed insofar as it grants authority to McKenzie Tank Lines, Inc. to extend its certificate of public convenience and necessity for the transportation of liquid chemicals in bulk from points in Broward County. Section 120.68(10), Florida Statutes (1975). The Commission’s order is affirmed in all other respects. Section 120.68(14), Florida Statutes (1975).
It is so ordered.
SUNDBERG, HATCHETT and KARL, JJ., concur.
BOYD, Acting C. J., dissents.

. We have jurisdiction to review the Commission’s order. Art. V, § 3(b)(3), Fla.Const.; § 350.641, Fla.Stat. (1975).

. The Commission and McKenzie argue that the territory to be served by McKenzie embraces a community of interest in South Florida generally, rather than the specific counties of St. Lucie and Broward. In its final order the Commission hinted at this rationale by noting that St. Lucie and Broward Counties “both are in the same general vicinity.” We reject this argument in light of the record evidence of Apperson’s different county requirements and Redwing’s variant South Florida facilities. In any event, there is no evidence in the record to support the contention now made in the Commission’s brief that Broward and St. Lucie Counties are a community of interest or a common service area for the purpose of motor carrier transportation of bulk liquid chemicals. But see Morgan Drive Away, Inc. v. Mason, 183 So.2d 202 (Fla.1966).

. In fact, the effect on Redwing is incalculable since the certificate awarded to McKenzie grants authority for more common carriage than Apperson alone may require.