385 So.2d 1353 (1980)
SURF COAST TOURS, INC., Petitioner,
v.
FLORIDA PUBLIC SERVICE COMMISSION and Florida Limousine Service, Inc., Respondents.
No. 55807.
Supreme Court of Florida.
June 26, 1980.
E. William Crotty and B. Paul Katz of Black, Crotty, Sims & Hubka, Daytona Beach, for petitioner.
Prentice P. Pruitt and M. Robert Christ, Tallahassee, for Florida Public Service Commission.
Gregory A. Presnell and Robert B. Nadeau, Jr. of Akerman, Senterfitt & Eidson, Orlando, for Florida Limousine Service, Inc.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of Florida Public Service Commission Order No. 14805. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972), and for the following reasons we approve the order of the Commission.
By Order No. 13984-A, issued January 11, 1978, the Florida Public Service Commission granted the transfer of a portion of *1354 Certificate of Public Convenience and Necessity No. 728 from Turfway Lines, Inc. to Surf Coast Tours, Inc. Accordingly, Certificate of Public Convenience and Necessity No. 1313 was issued to petitioner on January 23, 1978. On January 18, 1978, Florida Limousine Service, Inc. filed with the Commission an application for expansion of rights under an existing certificate, including special operations authority from points in Volusia County east of I-95. Petitioner Surf Coast Tours, Inc. and several other carriers filed protests to the application. After public hearings, the Commission on November 30, 1978, accepted for the most part the hearing examiner's recommendations and granted the application.[1] It is from this order that petitioner seeks review.
In determining whether a certificate of public convenience and necessity shall be granted, section 323.03(4), Florida Statutes (1977), directs the Florida Public Service Commission to specifically consider, among other things, the following elements:
(a) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs.
(b) The present necessity for the certificate in relation to the volume of existing or projected future traffic over such route or in such territory.
(c) The financial ability of the applicant to furnish adequate, continuous, and uninterrupted service at the times required therefor, and to meet the financial obligations of the service which the carrier proposes to perform.
(d) The effect on existing transportation facilities and service of all kinds, and particularly whether the granting of such certificate will or may seriously impair essential public service as provided by existing motor carriers.
(e) The fitness of the applicant properly to perform the proposed service and to conform to provisions of this part and the rules of the commission.
(f) The feasibility of the transportation proposed.
Petitioner takes exception with the Commission's findings in this case that (1) the existing transportation service is inadequate to meet the reasonable public needs; (2) Florida Limousine possesses the requisite financial ability to furnish adequate, continuous and uninterrupted service at the times required; and (3) the granting of the certificate will not seriously impair essential public service as provided by existing motor carriers.
We reiterate at the outset that the scope of this Court's certiorari review of orders of the Florida Public Service Commission is narrow. Our task is to determine whether the Commission's action comports with the essential requirements of law and is supported by competent substantial evidence. Florida Telephone Corp. v. Mayo, 350 So.2d 775 (Fla. 1977). Orders of the Commission come to this Court with a presumption of correctness, and it is petitioner's burden to prove error. Gulf Oil Co. v. Bevis, 322 So.2d 30 (Fla. 1975); Fargo Van & Storage, Inc. v. Bevis, 314 So.2d 129 (Fla. 1975); Florida East Coast Ry. v. King, 158 So.2d 523 (Fla. 1963).
The record in this cause is woefully sparse and incomplete. Petitioner is unable to substantiate its sweeping assertions of error by specific reference to the transcript or other parts of the record. It thus has failed to carry its burden of showing that the above findings of the Commission are unsupported by competent substantial evidence.
Petitioner's final contention involves the application of section 323.03(5), Florida Statutes (1977):
(5) TERRITORY ALREADY SERVED.  When application is made by a motor carrier for a certificate to operate as a carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders *1355 serving such territory fail to provide service and facilities which may reasonably be required by the commission.
This Court has held repeatedly that pursuant to this subsection, the availability of existing facilities to render the required service must be shown to exist prior to or at the time of application for new or duplicating service. American Sightseeing Tours, Inc. v. Mayo, 326 So.2d 168 (Fla. 1976); Central Truck Lines, Inc. v. King, 143 So.2d 477 (Fla. 1962); Greyhound Corp., Southeastern Greyhound Lines Division v. Carter, 124 So.2d 9 (Fla. 1960); Ace Delivery Service, Inc. v. Boyd, 111 So.2d 448 (Fla. 1959); Alterman Transport Line v. Carter, 88 So.2d 594, 597 (Fla. 1955) (on rehearing). The Commission accordingly found that because the transportation facilities in existence at the time of the filing of Florida Limousine's application were being conducted by petitioner's predecessor, Turfway Lines, Inc., the adequacy of existing service and facilities must be measured by evaluating Turfway's performance. Petitioner does not contest the Commission's finding that Turfway's performance had been substandard, but argues that extraordinary circumstances dictate that it be given an opportunity to provide the needed services before the Commission may grant competing authority. In our view, petitioner has failed to demonstrate a compelling reason why it should not be held to the above rule of law.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
ENGLAND, C.J., and ADKINS, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Certain findings of the examiner, not relevant to this petition, were rejected by the Commission.